WICKER, J.,
Dissents in Part and Concurs in Part, with Reasons.
11 While I concur with the majority’s opinion in so far as it relates Mr. Scharfen-stein’s claims, I respectfully disagree with its analysis as it relates to Ms. Scharfen-stein’s claim for loss of consortium. I therefore dissent from the majority’s conclusion that the trial court did not err in denying Ms. Scharfenstein’s claim for loss of consortium.
Un-contradicted evidence in the record shows that after Mr. Scharfenstein’s injury and subsequent job loss, Ms. Scharfenstein lost the companionship, sexual intimacy, services to family, and economic support that her then husband, Mr. Scharfenstein, had provided. The Scharfensteins’ unre-futed testimony showed that before Mr. Scharfenstein’s injury and subsequent job loss, Mr. and Ms. Scharfenstein enjoyed a happy, healthy, and normal marriage which included sexual intimacy. Furthermore, they engaged in an active family life. After Mr. Scharfenstein’s accident and job loss however, he gained weight, became depressed, drank excessively, and suffered from fatigue and sleep apnea. Furthermore, Mr. Scharfenstein’s involvement in family activities, such as his children’s sporting events and camping trips, ceased after his injury and job loss. Ms. Schar-fenstein testified that due to the loss of earnings and benefits from Mr. | gScharfenstein’s employment, she was forced to seek additional employment outside the home. She also testified that her sexual intimacy with her husband stopped after his accident, sometime in 2006 or 2007. Additionally, the medical records of Dr. Nieto show that Mr. Scharfenstein was reporting marital problems as early as May 1, 2007.
After reviewing this record, I would find that Ms. Scharfenstein’s loss of consortium, in the immediate aftermath of Mr. Scharfenstein’s injury and job loss, was proven by unrefuted evidence. Because of this, I would find the trial court erred when it denied Ms. Scharfenstein’s loss of consortium claim. Accordingly, I would reverse the trial court’s judgment to the extent it denied Ms. Scharfenstein’s claim. After a de novo review of the record, I would render judgment in favor of Ms. Scharfenstein and against Defendants in the amount of $50,000.